DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, James A. Arnold, appeals from a speeding conviction entered in the Wayne County Municipal Court. We affirm.
 I. {¶ 2} The facts of this case are uncontested. On November 28, 2003, Arnold was traveling on Main Street through Smithville, Ohio, when he was stopped by Patrolman Fockler of the Smithville Police Department and cited for traveling 44 m.p.h. in a 25 m.p.h. speed zone. Arnold pled not guilty and moved to have the charge dismissed. In his motion to dismiss, Arnold stated that the bottom of the first sign indicating 25 m.p.h. was around six feet from the ground. Arnold claimed that the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"), requires a speed sign to be at least seven feet from the bottom of the sign to the ground or else the sign is not enforceable. Accompanying the motion were certified copies of certain regulations contained within the OMUTCD, as well as a photograph of Arnold standing beneath the first 25 m.p.h sign with his head just touching the bottom of the sign. The trial court conducted a hearing on the motion to dismiss simultaneous with a trial on the merits. The only witness called to testify by the state was the arresting officer. The officer testified that he clocked Arnold at 44 m.p.h just after the first sign indicating a 25 m.p.h. speed zone, but stopped him after a second 25 m.p.h. sign, which was in compliance with the seven foot requirement of the OMUTCD. Arnold presented no evidence other than his motion and its exhibits. The trial court found Arnold guilty as charged, and fined Arnold $38.00 plus costs. Arnold stated that he would appeal the conviction, and the trial court permitted Arnold to post a bond pending the appeal. Arnold raises one assignment of error.
 II. Assignment of Error
"The trial court erred in denying appellant's motion to dismiss."
 {¶ 3} Arnold claims that the first sign entering the 25 m.p.h. speed zone was not in compliance with the standards set in OMUTCD and therefore is unenforceable. Further, Arnold claims that, although there was a second complying sign after the first non-complying sign, the complying sign was rendered unenforceable by the first non-complying sign. Arnold's argument lacks merit.
 {¶ 4} Arnold introduced certified copies of certain select pages from the OMUTCD which he claims supports his case, including pages containing Section 5D-10 and Section 2E-4. Arnold hinges his argument on Section 5D-10 of the OMUTCD which states; "A Speed Zone cannot be enforced until standard signs have been properly installed along the roadway." However, the remainder of Section 5D-10 addresses, not the height of signs, but the number of signs and their spacing within a speed zone. Arnold offers no evidence that Section 5D-10's reference to "standard signs" incorporates Section 2E-4's requirement that signs in residential districts, where parking and/or pedestrian movement is likely to occur, be seven feet from the bottom of the sign to the ground level. Further, Arnold presents no authority that one initial non-complying speed limit sign renders all subsequent speed limit signs unenforceable and we know of no such authority.
 {¶ 5} In City of Mentor v. Mills (July 22, 1988), 11th Dist. No. 12-269, the court agreed that where both of two speed limit signs in one speed zone were improperly placed, being less than seven feet high in a residential area where parking and/or pedestrian movement was likely to occur, in violation of Section 2E-4 of the OMUTCD, the state had the burden to rebut the evidence and demonstrate that the two signs were properly positioned, which burden the state did not meet. That case is distinguishable from the case at bar in that all the signs in the speed zone in Mills were non-complying, whereas in this case only the first of an undetermined number of total signs was shown to be under seven feet and the second sign was shown to be at seven feet.
 {¶ 6} In State v. Schroeder (Sept. 8, 1995), 11th Dist. No 95-G-1907, the court held that where the second speed limit sign in a speed zone is battered and difficult to read, the first sign was adequate notice of the speed zone, and the defendant was guilty of speeding when traveling 13 m.p.h. over the posted limit in that speed zone, even after passing the second sign. The Schroeder holding contravenes Arnold's argument that all speed limit signs must be in compliance for the speed zone limit to be enforced.
 {¶ 7} Arnold's assignment of error is overruled. The judgment of the Municipal Court of Wayne County is affirmed.
 III. {¶ 8} Arnold's assignment of error is overruled. The judgment of the Municipal Court of Wayne County is affirmed.
Judgment affirmed.
CARR, J. and BATCHELDER, J. concur.